IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   CORDETTE WARNER, | ) | |
| | ) | |
|          Plaintiff, | ) | |
| v. | ) | CIV-14- 1073-D |
| | ) | |
| 1.   HEALTHCARE PARTNERS INVESTMENTS, LLC, a/k/a TPG HOSPITAL, LLC, d/b/a NORTHWEST SURGICAL HOSPITAL, | ) ) ) ) ) ) | |
| | ) | ATTORNEY LIEN CLAIMED |
|          Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, Cordette Warner, and for her Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1. Plaintiff, Cordette Warner, is an adult female resident of Oklahoma County, Oklahoma.

2. Defendant Healthcare Partners Investments, LLC, a/k/a TPG Hospital, LLC, d/b/a Northwest Surgical Hospital is an entity doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on claims of violations of Title VII of the Civil Rights Act of 1964

1

and 42 U.S.C. § 1981 in the form of race discrimination, the creation of a racially hostile work environment, and retaliation.

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

5. All of the actions complained of herein occurred in Oklahoma County, Oklahoma. Defendant is doing business in such county and may be served in said county. Oklahoma County is located in the Western District of Oklahoma. Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6. Plaintiff has exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 6, 2014. Plaintiff received his Dismissal and Notice of Rights letter from the EEOC dated July 16, 2014 (received by Plaintiff by mail thereafter), and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

## STATEMENT OF FACTS

7. Plaintiff, who is African American, began her employment with Defendant in or around 2004 at its Oklahoma Sports Science & Orthopedics ("OSSO") location. Plaintiff then moved to Defendant's Northwest Surgical Hospital location in or around 2006, working in Patient Registration. During her employment, she also performed the job duties of a medical records clerk, insurance clerk, and surgery scheduler when the positions were vacant.

8. Plaintiff was first supervised by Business Office Director Paula Burnett

(Caucasian), then Sarah Humphrey (Caucasian), then Shannon Edwards (Caucasian). Edwards became Plaintiff's supervisor shortly before her termination. The On-Site Managers who also supervised Plaintiff simultaneously were Debby Klemme (Caucasian) and Brian Ervin (Caucasian).

9. Throughout Plaintiff's employment, her work performance was satisfactory, if not better. In fact, on Plaintiff's last performance evaluation (dated October 28, 2013) before her termination, Plaintiff was identified as exceeding the overall hospital satisfaction goal, consistently exceeding professional behavior goals, and consistently contributing to departmental goals. Plaintiff received an overall score of 100% on that evaluation.

10. In or around March 2012, Plaintiff complained to Holly McConell (Caucasian), HR assistant, and Amy Wade (Caucasian), the HR Director, that Plaintiff's office-mate Heidi Woodring (Caucasian) used the word "nigga" in Plaintiff's presence. She also informed Wade that Woodring would often play music in the office that used the word "nigga," as well as other excessive profanity. Plaintiff also made Ms. Humphrey, her supervisor at the time, aware of the racial slurs and profanity. However, no action was taken in response to Plaintiff's complaints.

11. In or around August 2013, Dr. Noel Williams (Caucasian) made a derogatory statement regarding Plaintiff having a GED in front of Plaintiff and patients in the lobby. Particularly, Dr. Williams entered the lobby after one of his surgeries and requested that Plaintiff turn down the volume on the television in the patient waiting room. Plaintiff

immediately attempted to do so, however could not make the remote work from her desk behind a glass partition. Dr. Williams angrily told Plaintiff to hand him the remote and stated that it must "be the GED." Patients waiting in the lobby then laughed at Plaintiff. Plaintiff felt that this statement was based on her race, as Williams had no way of knowing what level of education Plaintiff possessed. Plaintiff reported Williams' comment to Klemme who claimed that she sent a text to Williams who apologized to Klemme for the comment. However, at no point did Plaintiff ever personally receive an apology from Williams.

12. In or around August 2013, Plaintiff's daughter had surgery at Northwest Surgical Hospital. Plaintiff learned that Woodring had been present during Plaintiff's daughter's surgery, despite the fact that neither Plaintiff nor her daughter consented to Woodring's presence in the Operating Room. Plaintiff reported this violation to Ervin and Klemme, but no action was taken.

13. On or about November 4, 2013, Plaintiff received an email from Edwards. The email stated that Klemme had informed Edwards that Plaintiff had allegedly been making personal phone calls at work, and Edwards wished to discuss the matter personally with Plaintiff. In response, Plaintiff told Edwards she was willing to speak with Edwards on all matters, including her concern that Plaintiff's complaints were not being dealt with appropriately.

14. About one hour after receiving the email, Plaintiff met with Klemme. During the meeting, Plaintiff expressed her concerns about Klemme and Ervin, including but not

limited to the lack of response to Plaintiff's report of racist comments and the lack of communication between Edwards and the employees she supervised.

15. On or about November 5, 2013, Plaintiff was terminated by Edwards and Wade based on the allegation that two years earlier in 2011, five (5) bank deposits were made late and that she had poor record-keeping of an over-the-counter log. This was so despite her exemplary performance evaluation less than two weeks before. As such, the reasons given were merely pretext for unlawful discrimination and retaliation.

16. As a direct and proximate result of Defendant's actions, Plaintiff has suffered the injuries described hereafter.

## COUNT I - Title VII Violations

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

17. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of race discrimination, the creation of a racially hostile work environment, and retaliation.

18. Plaintiff is entitled to relief under Title VII because she is Black, was qualified for her job, was terminated, and her position was not eliminated after her termination. Moreover, she complained about the unfair treatment she received and was thereafter retaliated against.

19. As damages, Plaintiff has suffered lost earnings, past and future, emotional

distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

20. Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### COUNT II - 42 U.S.C. § 1981 Violations

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

21. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination, the creation of a racially hostile work environment, and retaliation.

22. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and non-pecuniary losses.

23. Because the actions of Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory, punitive damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may

deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 3rd DAY OF OCTOBER, 2014.**

    s/Jana B. Leonard
    JANA B. LEONARD, OBA# 17844
    EMILY VAN VOLKINBURG, OBA # 31744
    LEONARD & ASSOCIATES, P.L.L.C.
    8265 S. WALKER
    OKLAHOMA CITY, OK 73139
    (405) 239-3800	(telephone)
    (405) 239-3801	(facsimile)
    leonardjb@leonardlaw.net
    emilyv@leonardlaw.net

    JURY TRIAL DEMANDED
    ATTORNEY LIEN CLAIMED